Jones, Oliver B., J.
This cause was heard in this court on appeal from the court of insolvency. *467 It is a proceeding brought by owners of lots and lands abutting on Isabella street, seeking to enjoin the colleotion of so much of an assessment as they deem illegal and excessive levied on such lands by the city of Cincinnati for the improvement of Isabella street from Markbreit avenue to a point 610 feet south.
Isabella street is a highway in said city, extending from Markbreit avenue, almost at Madison Road, southwardly about half a mile, and that portion between its southern terminus and a point 610 feet south of Markbreit avenue had been improved by paving the roadway and setting curbs and gutters, the cost of which improvement had been assessed against the abutting property. The part of Isabella street lying between Markbreit avenue and this point 610 feet south of it had not been improved prior to the improvement for which the assessment under consideration was levied, but the lots fronting on it had been built upon and it was traveled on the natural grade of the street by vehicles, except for a portion of about 200 feet at its north end just south of Markbreit avenue, which portion was about 20 feet lower than the portions of the street both south and north of it. This low portion could not be used for vehicles, and Markbreit avenue could only be reached over this low portion of the dedicated street by pedestrians, by means of a wooden footbridge.
Preliminary to this improvement, no previous grade having been established, the city by ordinance of March 26, 1912, established the grade of Isabella street from Markbreit avenue to a point 610 feet south, the grade so fixed being that of the natural *468 surface of that part south of the 200-foot portion. In the improvement of said street and as a part thereof this low portion was filled with an embankment 20 feet in height by about 200 feet in length, to bring it up to such established grade, the cost of such fill being $3,955.39. In making said improvement the city also constructed certain cement sidewalks, at a cost of $46.08, said sidewalks not being provided for in the legislation had by the city council for the improvement.
Plaintiff, Barton H. Kelly, contends that these two items should, be eliminated from the assessment to be charged against his property.
The power to levy special assessments on abutting or benefited property is conferred by statute, and this power can be exercised only in the manner provided by law. (Section 3812, General Code.) When an improvement is to be made for which a special assessment is to be levied, council must declare the necessity by resolution, which shall determine the nature of the improvement and the .method of the assessment. (Sections 3814 and 3815, General Code.) It being conceded that the small item of cement sidewalk was not provided for in the legislation for this improvement, its cost cannot be assessed.
• The matter of grading, however, is not so easily disposed of. The evidence submitted is in an unsatisfactory state in respect to whether grading was or was not provided for in the improvement legislation. In both the amended petition and the amended answer, on which the case was tried, it is alleged that the resolution declaring the necessity for the improvement, and the ordinance to pro *469 ceed with the improvement, were for an improvement “by paving the roadway with bituminous macadam, according to certain plans and specifications then on file and according to the grade set forth in said resolution.” Whether grading specifically appeared as one of the items of said improvement is not shown by the production of a copy of the resolution, the ordinance -to proceed with the improvement, or the specifications. It is, however, agreed, that in order to make the grade of said street comply with the grade so established; the city in improving Isabella street constructed said fill at the cost named. And from the assessment ordinance, a copy of which was introduced, it appears that the improvement was to be “by grading, paving the roadway with bituminous macadam, and constructing the necessary drains and inlets.”
It is contended with great ability, on behalf of plaintiff, that where in the improvement of a street it becomes necessary to radically change the natural contour of the ground in the street by grading, in order to present a proper smooth surface suitable to receive the- paving, such grading is analogous to the acquirement of the land itself on which the street is buil^-and^that its cost cannot be charged against the owners of abutting property; that, while under the old doctrine laid down in City of Cleveland v. Wick, 18 Ohio St., 303, such an assessment could have been upheld for the cost of the land occupied by the street, the later law, as laid down in C., L. & N. Ry. Co. v. Cincinnati, 62 Ohio St., 465, which directly overrules Cleveland v. Wick, and in Baker v. Norwood, 172 U. S., 269, *470 and City of Dayton v. Bauman, 66 Ohio St., 379, would forbid it. And it is argued that the same law would apply to forbid the assessment of the cost of necessary grading.

To this we cannot agree. It is common that one of the most important elements of roadbuilding is the grading of the roadbed itself to a suitable and proper grade; by excavation, where the natural surface is too high, and by where it is too low. And in a locality like Cincinnati, where the natural land is more or less hilly, this item of grading is usually one of the matters in the improvement of a street that has not been previously improved. It is recog-nized as such in the statute itself by which such special assessments are authorized, Section 3812, General Code, in which section it is distinctly named as one of the elements of such an improvement. It is generally an essential part of every surface improvement, for which a special assessment may be levied not to exceed the special benefits as laid down in Dayton v. Bauman, supra, 393. Grading has been distinctly held to be a proper subject for special assessment in numerous other cases, among which are Longworth v. Cincinnati, 34 Ohio St., 101, and Jessing v. Columbus, 1 C. C., 90, 1 C. D., 54 (affirmed, sub nom., Central Ohio Rd. Co. v. Columbus, 22 W. L. B., 453).

Counsel for plaintiff relies upon Thale v. Cincinnati, Court Index, Feb. 4, 1902; Fridman v. Norwood, 1 C. C. N. S., 97 (affirmed, 70 Ohio St., 431); Carlisle v. Cincinnati, 8 C. C., N. S., 46 (affirmed, 77 Ohio St., 637), and Bartley v. Cincin *471 nati, 8 C. C., 226. An examination of these cases shows that in each of them the item of grading which it was held could not be assessed was one occasioned by the change of an established grade to which an improvement had been previously made, and came within the terms of Section 3838, General Code.
In the legislation for this improvement it was provided that 50 per cent, of its cost, and the cost of intersections, should be paid by the city, and the remainder should be assessed upon the abutting property in proportion to the benefits resulting to it from the improvement. This is the second method of assessment provided by Section 3812, General Code.
There is no question under the evidence but that the making of this improvement, opening the street to public travel by means of this fill out to Markbreit avenue, opened up a thoroughfare of general benefit to the public, and of particular benefit not only to the north 610 feet of Isabella street, but to the southern portion of that street as well, and to cross streets and the entire neighborhood. This is undoubtedly recognized by the city in paying more than one-half of the cost. Whether this was the fair proportion of the cost to be paid by the city, and whether the district to be specially assessed as being specially benefited should have been limited as it was, are matters to be determined by the city council, and its discretion cannot be controlled by the courts in the absence of manifest abuse.
The power of the court can, however, be invoked under Section 12075, General Code, to enjoin the collection of illegal assessments, and special assess *472 ments cannot be sustained in any instance in excess of special benefits. Chamberlain v. Cleveland, 34 Ohio St., 551; Walsh v. Barron, Treas., 61 Ohio St., 15, and Walsh v. Sims, Treas., 65 Ohio St., 211.
In this case a consideration of the assessment as fixed by the ordinance to assess, confirming the report of the estimating board and the evidence as to values and special benefits, shows that the amounts assessed were not fixed as required by law in proportion to the special benefits, but that the lots abutting the fill on the east side were assessed on a basis of $1.61 per front foot and those on the west side on a basis of $1.04 per front foot, while all the remainder of the property was assessed at amounts that would be obtained by the uniform rate of $4.50 per front foot.
From the evidence it is apparent to the court that the lots at the north end, abutting the fill, received as much and in fact greater benefit from the improvement than did the other property, and that the low amounts for the assessments were fixed with the idea that larger amounts might be uncollectible because of the limited value of the lots. The evidence also shows that the value of the, deeper lots on the east side was greater than that of those on the west, and the special benefit was correspondingly greater.
An assessment by the front foot cannot be made under the guise of the benefit plan. Whichever plan is adopted must be pursued in accordance with the statute, and the two plans cannot be commingled. (Kelly v. Cleveland, 34 Ohio St., 468, and Dick v. Toledo, 11 C. C., 349.) See also, as to *473 benefit assessments, City of Cincinnati v. Batsche, 52 Ohio St., 324; Klein v. Cincinnati, 7 C. C., 266, and Frey v. Findlay, Id., 311, 319.
The property owners had an opportunity to object to this assessment under the provisions of Section 3848, General Code, and should have done so, when the amounts might have been properly equalized and adjusted under Sections 3849 and 3850, General Code. But their failure to file such objections does not prevent them from seeking relief under Section 12075, General Code, where, as in this case, the provisions of the law relating to assessment in proportion to benefits have been so clearly violated. The amended petition does not ask for an injunction against the entire assessment as levied, but only for an injunction as to any excess over what might be found to be a legal charge. The validity of the entire* assessment as made is, however, brought to the consideration of the court, and with an amendment of the pleadings might be set aside as entirely illegal, with an order permitting the city to levy a reassessment. This would involve delay and expense. The evidence shows, and plaintiff admits, that his property has been specially benefited. If the amount assessed had been distributed' at a uniform rate on the entire frontage assessed, it would have amounted to a rate of about $3.45 per front foot. In the opinion of the court each of plaintiff’s lots has been specially benefited to that extent, and said assessment is a proper charge in the several amounts that may result from a calculation of the front feet of the respective lots by such rate, and to that extent will be sustained.
*474 A decree may be taken enjoining the collection of any part of said assessments in excess of such amounts.

Judgment accordingly.

Jones,-E. H., P. J., and Gorman, J., concur.