## KELLEY *v.* DAVIES, A MINOR, BY ETC.

*Landlord and tenant—Negligence—Defective railing on porch—*
*Proof of control by landlord essential—Pleading control*
*of building insufficient—Question for jury—Notice of de-*
*fective condition.*

1. In order to hold a landlord liable for personal injuries suffered by a tenant because of a defective railing on a porch attached to the outside and in the rear of an apartment house owned by such landlord, and affording the only means of rear exit and ingress to the apartments, one of which was occupied by the injured tenant, in the absence of fraud, deceit or concealment, it must be shown that the landlord held such control of the porch and railing that he had an unquestioned right to enter thereon and repair same.

2. In such case an allegation in the petition that the landlord was in control of the building is not equivalent to an allegation that the owner was in control of the porch and railing in question.

3. One of the material issues in the trial of such case being whether the landlord had actual or constructive notice of the defective railing, evidence appearing that from thirty to sixty days prior to the accident the defect existed, it is a matter of fact to be determined by the jury, and it is prejudicial error for the court, in its charge to the jury, to decide that fact as a matter of law.

(Decided December 6, 1922.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. T. J. Ross,* for plaintiff in error.
*Messrs. Sanborn, Rich & McConnell,* for defendant in error.

SULLIVAN, J. This cause comes into this court on error from the court of common pleas of Cuya-

hoga county, and it is sought to reverse a judg-
ment of $5,000 pronounced upon a verdict below in
favor of the defendant in error, a minor of the age
of two years, who sues by his father and next
friend, James H. Davies. An amended petition
was filed upon which the case was tried, which al-
leges that on April 27, 1921, the plaintiff below,
while at the suite of Mrs. A. Weaver, because of
a defective railing on the back porch leading into
and out of the aforesaid Weaver suite, was seri-
ously injured by leaning against and falling
through the railing from the porch to the pave-
ment below. It is claimed that certain palings on
the porch rail were unnailed and unfastened at
the bottom, and that, by reason of such defect, the
plaintiff fell through and received the injuries
alleged. The minor lived with its parents in a
suite in a lower story of such building prior to
and at the time of the injuries complained of, and
defendant below was the owner of the apartment.

The amended petition further alleges that the
defendant owned, controlled and operated the build-
ing or apartment, which consisted of twenty-eight
suites, but known as a terrace, situated at the cor-
ner of Knowlton avenue and East 115th street, in
Cleveland, Ohio.

Amongst the allegations in the petition are the
following:

"That the defendant offered said building and
apartment to the public for rental purposes and
charged the tenants certain amounts of money for
the rental thereof; that the defendants exercised
control over said building, made repairs, and col-
lected rents, either personally or through their
authorized agents; that in the rear of said apart-

ments there are several common stairways and porches leading to the upstairs tenants; that said stairways and porches are the only means of exit and egress to said upstairs apartments from the rear thereof, and that said porch is attached to the outside of said building, or apartment, and the stairway runs from said porch on the exterior of said building to a cement back yard, or pavement below; that said stairway and porch is guarded with railings, said railings are equipped with spokes, or supports, running from the top railing to a railing 2 or 3 inches from the floor of said porch, and a distance of about 4 inches apart.''

Immediately prior to the accident, the minor, who was with its father, had made certain attempts to climb the stairway leading from the suites below to the suites above, and, after efforts on the part of the father to prevent such ascent by such minor, the minor finally reached the porch above and entered one of the rooms of the suite occupied by Mrs. Weaver, who testifies, although disputed, that the first she knew of the child was its presence in the kitchen of her suite; that it went out and fell on to the pavement as aforesaid, and sustained whatever injuries resulted therefrom. After the child finally ascended the stairs, the father proceeded to other duties in his own suite, personal to himself, such as taking a bath, shaving, etc.

Thus it appears that the aforesaid minor lived with his parents in a suite in the apartment house, on one floor thereof, and that the suite of Mrs. Weaver aforesaid was on a different floor.

It will be observed that there is no allegation in the petition showing the relationship between the minor and its parents and plaintiff in error, as to

whether there was any agreement between such tenants and owner, bearing upon the question of the control of the porch and stairway on the part of the owner, the landlord. There is no privity of relationship between them alleged.

In order to raise the issue of responsibility as against the owner and make an action for damages by reason of injuries lie, in the absence of fraud, deceit or concealment, it must appear that the landlord had reserved the right to enter upon said porch for the purpose of keeping the railing in question in repair. The questions of fraud and concealment are not in the case, so that in order to hold the landlord liable it must be shown that he held such control of the stairways, porch and railing that he had an unquestioned right to enter thereon and repair same. The allegation that the owner was in control of the building is not equivalent to an allegation that the owner was in control of the porch and railing in question. These are two separate and distinct items. It is not the building, or defect therein, as a unit, that injured the plaintiff below. The claim is that it was the defective railing, which is an infinitesimal part and parcel of the building, and the allegation of control should apply to that portion of the building, to-wit, the railing, and not the building itself. Therefore, a motion to make more definite and certain would not apply, inasmuch as only the building itself is mentioned with respect to control.

Under many authorities it is held that facts must exist which lead to the conclusion that between the tenant and landlord or owner, by virtue of the tenancy, there is an agreement which grants the right of entrance and repair to the landlord or owner,

in order to show that control which under the decisions imposes liability upon the landlord, under contractual relations. (*Burdick* v. *Cheadle*, 26 Ohio St., 393.) In that case a demurrer was sustained on the ground that there was no allegation in the petition fixing a privity of relationship between the parties, and in that respect it is similar to the instant case.

Simply to allege that plaintiff in error owned, controlled and operated the building or apartment is not sufficient to show control over the stairway, porch and railing to the extent that would make an action for damages in a case like the one at bar lie against the owner. The very fact that one owns a building or an apartment indicates that he controls the building and apartment by virtue of the fact alone that he is the owner thereof. Said control follows naturally and logically from the fact of ownership. One could not conclude from this allegation alone, limited as it is, that because of a control of such a character the relations between the owner of the building and the tenant were such that thereby the owner had control of the stairway, porch and railing in question. Every owner of a building controls it. As far as the building itself is concerned, this sort of control does not mean, in case of an apartment, everything on and in the structure. A landlord may not control the parlor, bedroom, or kitchen of a suite in the building, or a porch which forms the exit and the entrance into the kitchen, or a railing on said porch, simply because as owner he controls the building. It may be his duty under the tenancy to paper the kitchen walls, or repair kitchen floors, but not because he is the owner of the build-

ing. It must be because, under the authorities, there is an agreement, a contractual relationship between the owner and the tenant to whom he leased the suite and the back porch, which, of necessity, is not only in the nature of a rear threshhold to the suite, but a thing which makes the suite itself convenient and habitable.

There are no allegations of this nature appearing in the amended petition, and one can only read these necessary and essential elements into the petition by inference from the fact of ownership of the building or structure itself. If one were inclined to come to the conclusion that there was such an inference, he would be prevented from so doing by reading the following excerpt from the allegations of the amended petition, to-wit:

"That in the rear of said apartments there are several common stairways and porches leading to the upstairs suite *for the joint use of two or more upstairs tenants.*"

A fair and reasonable interpretation of the above-quoted language is that the tenant and not the landlord had the use of the stairway and porch in question, and consequently of the railing attached to the porch, which is alleged by reason of its deficiency to be the cause of the accident herein complained of.

The principle above enunciated seems elementary, and is laid down in 1 Tiffany on Landlord and Tenant, 574, as follows:

"As the landlord is under no obligation to the lessee, as regards the condition of the premises, or its fitness for the lessee's purpose, at the time of the demise, so he is under no obligation to the lessee, or to the latter's assignee, to keep the

premises during the tenancy in a condition satisfactory to the latter. Accordingly, a landlord is not bound, as a general rule, in the absence of special stipulation, to make repairs or improvements on the premises in order to render them safe or fit them for the tenant's use.''

In the case of *Stackhouse* v. *Close*, 83 Ohio St., 339, this same doctrine is established.

The law of Ohio is well settled as to the right of a tenant to recover damages for a defective condition in the premises as a result of which the tenant suffers injury. Where a tenant is injured by a defective condition in the premises let, and the landlord has entirely parted with the control and possession of the premises, no liability can be asserted against him unless on the ground of fraud or deceit, but where the landlord retains possession and control of a part of the premises which is used in common with other tenants, and has knowledge of a defective condition of which the tenant has no knowledge, even though it arises during the tenancy, a liability may be asserted and maintained against him. *Shindelbeck* v. *Moon*, 32 Ohio St., 264; *Burdick* v. *Cheadle*, 26 Ohio St., 393.

Not only is the amended petition silent as to allegations of the character above set forth, but the evidence itself is as bare in those respects as the amended petition.

To further sustain the proposition above set forth as to the legal inadequacy of the averments of the amended petition, as well as of the evidence, we cite *Stackhouse* v. *Close*, 83 Ohio St., 339, and *Shinkle, Wilson & Kreis Co.* v. *Birney & Seymour*, 68 Ohio St., 328.

In the case at bar it is clear that the porch and the railing thereon were part of the premises, and, that being so, the rule laid down in the syllabus in *Shinkle, Wilson & Kreis Co.* v. *Birney & Seymour, supra,* would be applicable:

"The relation of lessor and lessee arises out of contract, and, where there is neither express warranty nor deceit, the latter cannot maintain an action against the former on account of the premises hired."

We are of the opinion that in cases of this character, in the absence of fraud or concealment, the manner in which the landlord has control of that part of the premises leased, and which relates to the cause of injury, must be set forth in the allegations of the petition, and appear in the evidence, and that this is not deducible from the naked allegation of ownership and control of the building on the theory that such control in every case of ownership of the building inevitably follows.

We are, therefore, of the opinion that the court erred in admitting any evidence under the amended petition, on objection being taken thereto, which was in the nature of a demurrer to the same. Under the same line of reasoning there was error of a prejudicial nature on the part of the court below in refusing to grant the motion for a new trial and the motion in arrest of judgment.

Another assignment of error is in the charge of the court. Before argument the court gave the following charge:

"The Court instructs you, as a matter of law, that actual notice is not necessary to charge the defendant with knowledge of unsafe condition of

the porch or railing as described in the petition, but if the jury finds from the evidence that the porch or railing described in the petition was out of repair at the time of the accident to the plaintiff, and that such condition existed 'for some 30 to 60 days prior to the accident, then the defendant is charged with notice of such condition. I so instruct you.''

One of the material issues in the case at bar was the question whether plaintiff in error had actual, or constructive, notice of the defect in the railing in question. Evidence appeared in the case that for a period of from thirty to sixty days prior to the accident the defect complained of existed. Thereupon an issue arose as to whether that fact, under all the other circumstances of the case, was such that the plaintiff in error knew of the defect, or by the exercise of reasonable and ordinary care ought to have known of the defect. The court in its charge, independent of the jury, decided that fact as a matter of law, when unquestionably instead of being a matter of law it is a matter of fact, and one peculiarly within the province of the jury. With respect to that issue the court itself made the decision and thus relieved the jury, the trier of all the facts, of its duty as a tribunal. As to this particular question of notice, it appears to the court that the case was practically arrested from the jury and a verdict directed, for upon that particular fact, under the instructions of the court, the jury were relieved of consideration of the question. This issue in the case, decided by the court, bore directly upon the question of the exercise of ordinary care on the part of the plaintiff in error, and that question of

exercise of the ordinary care could not well be determined by the jury without their deciding upon those elements in the case which constituted exercise of ordinary care, and with that element decided by the court instead of the jury, it was impossible for the jury implicitly to follow the instructions of the court bearing upon the question of ordinary care, given, as appears on page 210 of the bill of exceptions, where the court says:

"Now, members of the jury, what do you say? Under the evidence and these instructions, did the defendant owe the plaintiff the duty of exercising ordinary care for his safety? If you find that she did owe that duty, you will ask yourselves next did she perform it, or did she fail to perform it? * * * If you find that she did this or omitted to do this, what did she do or what did she omit to do that she should not have done or omitted to do in the exercise of ordinary care."

Thus it would appear that part of this question of ordinary care was adjudged by the court and part thereof by the jury. We are of the opinion that the court committed prejudicial error in this respect.

This court reverses the judgment of the court below upon the grounds above set forth, and remands the cause for further proceedings according to law.

*Judgment reversed, and cause remanded.*

VICKERY, P. J., concurs.
INGERSOLL, J., not participating.