TENNISON, D. B. A. TENNISON REAL ESTATE CO., v.
DREIFUS.

*Brokers—Commission for sale of realty—Directed verdict for
abandonment of contract by broker, erroneous—Scintilla
of evidence.*

In broker's suit for commission on sale of real estate, where
it was contended that plaintiff had abandoned his contract
and there was a scintilla of evidence, it was error to grant
principal's motion for directed verdict.

(Decided May 31, 1927.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Samuel Rotter,* for plaintiff in error.
*Messrs. Albert D. & Robert S. Alcorn,* for defendant in error.

HAMILTON, P. J.    Plaintiff in error brought suit
against the defendant in error for commission
claimed to have been earned in the sale of real estate.    The trial of the case resulted in a directed
verdict for the defense.

Plaintiff testified that he was employed by the
defendant for the purpose of procuring the defendant a purchaser for his property located at Fifth
and Pike streets, Cincinnati, Ohio.

It was agreed that defendant should pay the
plaintiff the regular commission of 4 per cent. if he
found a purchaser.    He testified he procured such
purchaser; that after some negotiations, a contract,
in writing, was entered into between the purchaser
and the seller.    After the contract of sale was entered into, the purchaser, Tusch, had the contract

recorded. The recording of the instrument offended the seller, and thereupon followed a controversy with reference to the sale. As a result of the controversy, the purchaser, Mr. Tusch, released the contract, and had the same canceled of record.

The only evidence in the case was the testimony given by the plaintiff, on direct and cross examination, and exhibits in the nature of letters and contracts. After offering his testimony and the exhibits, plaintiff rested his case. Thereupon the record shows the following:

"Mr. Alcorn: Defendant in this case files a motion for a directed verdict—first, the contract sued upon is not to be performed within a year and must be in writing; second, there is not a particle of evidence to show that plaintiff proceeded to procure a purchaser able, willing, and ready to complete the deal as alleged in the petition; third, plaintiff's own evidence shows that plaintiff abandoned the contract of October 23, with Tusch, and attempted to sell this property to others; fourth, there is no evidence to show that defendant refused to proceed with the contract, and plaintiff's evidence shows that Tusch's purchaser, procured by him, refused to proceed with the contract; fifth, plaintiff's written record evidence shows settlement by acceptance of $100 earnest money.

"The Court: The court is only concerned with the third proposition of the defendant. Did he have that contract released of record? The evidence discloses beyond a question of a doubt in the court's mind that the plaintiff in this case abandoned the contract, and instead of demanding his commission from Dreifus he gave Tusch $25 to re-

lease the contract, and kept the $75, and immediately proceeded to secure other purchasers and to attempt to enter into another contract with the defendant. The court feels under the circumstances that it is constrained to direct a verdict on that ground.''

Thereupon, the plaintiff moved to dismiss his petition without prejudice. Later, the court granted the motion for a directed verdict, and overruled plaintiff's motion to dismiss his cause without prejudice. To the granting of the motion for a directed verdict, and to the overruling of the motion to dismiss the cause without prejudice, the plaintiff prosecuted error to this court.

The testimony of the plaintiff and the exhibits in the case present some evidence tending to establish plaintiff's claim to a right to recover. There was considerable confusion as to plaintiff's rights raised on cross examination, but this does not remove the operation of the scintilla rule, which requires the submission of the case to the jury for consideration.

The court in passing upon the motion made a statement to the effect that the evidence ''discloses beyond a question of a doubt in the court's mind that plaintiff in this case abandoned the contract.'' The jury might or might not agree with the court as to the evidence, and the case should have been submitted to it.

The court was therefore in error in directing a verdict as it did.

This conclusion makes it unnecessary to pass upon the question of the overruling of the motion to dismiss without prejudice.

For error in instructing the verdict, the judgment will be reversed, and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.