JOHNSON ET AL. *v.* VILLAGE OF NEW CONCORD ET AL.

(Decided December 6, 1930.)

*Mr. W. O. Secrest,* for plaintiffs.

*Messrs. Pugh & Van Dervoort,* for defendant, Village of New Concord.

SHERICK, J. This cause is heard in this court on appeal from the court of common pleas of Muskingum county. The plaintiffs are ten in number, and they have a common interest in the subject, and in the relief sought in this action, the purpose of which is to enjoin the village of New Concord and the auditor and treasurer of the county from collecting certain assessments for street improvements. The matter is submitted upon an agreed statement of facts, and such as are pertinent are here set forth:

On April 27, 1927, the village council passed a resolution declaring the necessity to improve High street in that village from College Entrance drive to the alley about 480 feet west of Comin street, by grading, draining and paving it with concrete to a width of sixteen feet, in accordance with plans, specifications, estimates and profiles, as prepared by the engineer, which were then on file with the village clerk, and which were therein approved and adopted.

Thereafter on May 24, 1928, the council of the village passed an ordinance determining to proceed with the improvement of High street in accordance with the plans, specifications, estimates and profiles as adopted; and therein further determined to assess the cost thereof, less two per cent, and the cost of street intersections, as against all the abutting property by the foot front plan.

On June 11, 1928, the board of education of the New Concord special school district, which since

March 6, 1928, has owned all the abutting property on both sides of High street between the west side of Stormont street and the east side of Comin street, filed a petition with the village council requesting that that part of High street between the two named intersecting streets be vacated for the reason that it is no longer of use to the public and its vacation will not be detrimental to the general interest. And it appears that on the same day the council of the village duly passed a resolution approving of this petition to vacate, provided the board of education would construct a cinder walk for temporary use across the school grounds, and when the grounds were graded then construct a concrete walk across the grounds. Thereupon a cinder walk was laid, but to the present time that portion of High street has not been vacated in accordance with law; nor has it been graded by the school board; nor a cement walk laid thereon.

Thereafter, on June 16, 1928, the council advertised for bids and entered into a contract with one Payne for the improvement of High street, but excepted therefrom the block owned by the school board, which lay in about the middle of the improvement. The contractor completed the improvement as modified by council, but the block abutted by the school property was and is not now improved.

On September 10, 1928, an estimated assessment was filed with the clerk of council, and a notice thereof was duly published for three consecutive weeks. The plaintiffs filed no objection in writing to the proposed assessment.

And on November 12, 1928, the village council enacted, "An ordinance to levy special assessments

for the improvement of West High Street from the College Entrance to the west line of Stormont Street, and from the west line of Comin Street to a point four hundred and eighty feet west thereof.'' And therein it was determined to assess part of the abutting property which abutted upon the improved portion of the street at the rate of $2.6654 per foot front, which is found to be not in excess of the special benefits to such property.

It is the claim of the plaintiffs that the assessments are illegal for the reason that High street has not been substantially completed in accordance with the original plan as adopted, but that one entire block thereof, in the middle of the improvement, has not been improved, and improvement of it has been abandoned by the village; and for the further reason that the assessment has not been made in accordance with the original plan for improvement of all of the street and assessment of the total cost against all abutting property on the entire street.

On the other hand, the village pleads in defense, and now asserts, that it intends to vacate the unimproved block, and that it has a legal right to do so, and, that it would be a vain thing to improve that which it thereafter intended to vacate. And as a second defense it is claimed that the plaintiffs have waived their rights and are now estopped to object or question the validity of the assessments as made, for the reason that they have failed to file any objection in writing to the assessment within two weeks after the expiration of the published notice of the assessments to be thereafter made, which were confirmed on November 12, 1928, by the assessing ordinance.

It is apparent that the original improvement plan as adopted by council was an entirety, and for the improvement of a continuous thoroughfare, and contemplated an improved street from its western terminus to College Entrance drive. It is disclosed that this drive affords an easy and beneficial outlet to the residents on this street, and that the western terminus is a dead-end street; but the village contends that such is not beneficial, and gives as a reason that the residents on High street west of Comin street may reach the College drive by going one square south on Comin street to a street which is a part of the "Old National Pike," thence eastward three squares, and then north on College drive. But the village fails to consider that without the improvement the residents had this privilege, and that by their new contemplated improved way they were to be benefited by a shorter and better way; that they were thereby to be relieved of two dangerous left-hand turns into and off of one of the most traveled thoroughfares in the state. And having these facts in mind it appeals to us that the village's failure to improve and its abandonment of an entire middle block of the proposed improvement, deprived the residents of High street of a great portion of the contemplated benefits expected to be received in the improvement of the street in its entirety.

If the village may legally omit one block from the improvement as legislated by it, it may eliminate several more blocks, and the purpose of and reason for the improvement be ultimately destroyed, and no benefit be conferred upon the property abutting upon the improved portions.

Another reason suggests itself to us why the vil-

lage should not be entitled to judicial sanction of its omission to improve the neglected block, and that reason is so well stated in the concurring opinion in *Dougherty* v. *Hitchcock,* 35 Cal., 512, 526 and 527, that we quote and adopt it: ''In some instances, it would, doubtless, be just, that a single block should be improved, and the expense paid by that block. In others, on a single block the work might be very heavy and expensive, while, for several blocks beyond, it might be extremely light, yet the improvement on the single block, where the work is heavy and expensive, might be more advantageous to the other blocks beyond, where the work is light, than to the block itself. In such case, justice would require that the whole work should be made at once, as one improvement, extending over several blocks, and the expense distributed over the whole district or portion of the street thus improved and benefited.''

On the other hand, the omitted block might require little work, and the remaining portion of the improvement be heavy and expensive, but improved as an entirety the burdens would be equitably distributed in accordance with the resulting benefits, agreeable to the wishes of the property owners. In such case it would be unjust to depart from the approved plan; the cost would be increased and the benefits lessened.

It is beyond question that a local assessment or special tax is a creature of statute, and its validity must flow from the law authorizing it, and it must follow as stated in Page and Jones on Taxation by Assessment, vol. 2, Section 840: ''Since the sole authority, under most statutes, for the construction

of a public improvement is the ordinance, or, in some cases, the resolution, the improvement, whether constructed by the city or constructed by letting contracts, must conform substantially to the terms of such ordinance or resolution. * * * Since the improvement to be constructed must correspond substantially to the description in the ordinance or resolution, a substantial change in the nature and character of the improvement made after proceedings have been instituted, invalidates the proceedings and renders the assessment void.''

The same principle is announced in 2 Elliott on Roads and Streets (4th Ed.), Section 718, page 895, as also in 5 McQuillin on Municipal Corporations (2d Ed.), Section 2263, *et seq.* True, minor defects, departures, and irregularities as to plans and specifications will be disregarded, and will not vitiate the proceedings, nor will a change beneficial to the property owner be available. The cardinal rule is, however, that nothing shall be permitted that will tend to do a substantial harm to the property owner.

In *Auditor General* v. *Stoddard,* 147 Mich., 329, 110 N. W., 944, it was held that a material widening of a street is a substantial change and invalidates the assessment. *Buis* v. *Nestler,* (Mo. App.), 203 S. W., 221, is to the same effect. The case of *City of Stockton* v. *Whitmore,* 50 Cal., 554, is much like the action at bar. Therein it is held that: ''If the council adopt a resolution of intention to improve a street, or part of a street, it has no jurisdiction to improve only a portion of the street embraced in the resolution,'' for such is not a substantial compliance, and the assessment is uncollectable.

In the case of *Meek* v. *Village of Collinwood,* 10

C. C. (N. S.), 9, 20 C. D., 63, it is held that one cannot be compelled to pay for a sidewalk built by a municipality where the materials used are different from those specified in the resolution providing for the walk and the notice sent; and there the assessment was enjoined.

We therefore conclude that the village's omission to improve the block, and its abandonment by reason of a contemplated vacation of a portion of the street determined to be improved, is not a good defense, and was a substantial departure from the adopted plan, and caused substantial harm to the plaintiffs, and is illegal in such a degree as to vitiate the assessments; unless it be that the plaintiffs are now estopped, as claimed by the village.

The plaintiffs take the position that this being an improvement and an assessment under the foot-front, and not according to benefits, Sections 3848, 3850, 3895 and related sections of the General Code do not apply, and that their failure to comply with these sections does not prevent them from obtaining relief by injunction under General Code, Section 12075; that this is especially true in view of the fact that the village has substantially deviated from its original plan of improvement and assessment; and that such action is illegal. Further, they do not object to the assessments because they are excessive, but frankly state that they stand ready to pay the assessments when the improvement is completed as originally planned and prescribed; and that for them to have filed written objection to be considered by an equalizing board would have been of no avail, because there would have been nothing for such a board to equalize.

The village, of course, seeks to maintain the opposite view, and in support thereof it advances the following authorities: *Village of Maple Heights* v. *Holtz,* 100 Ohio St., 264, 126 N. E., 71; *Bashore* v. *Brown, Treas.,* 108 Ohio St., 18, 140 N. E., 489, and *City of Cuyahoga Falls* v. *Beck,* 110 Ohio St., 82, 143 N. E., 661. Upon examination of these cases it is apparent that all three pertain to improvements made in proportion to benefits. The *Holtz case* is authority for the proposition that supplemental assessments are subject to the same rule of notice and objection as the original assessment. In the *Bashore case,* there was a complete regularity of the proceedings in conformity to the provisions of the Code, and the claim was made that the assessment was grossly excessive and there were no benefits whatsoever; but we note that the court remarked that the statutes furnished ''an adequate remedy at law, which, if the proceedings are otherwise legal, he must pursue before resorting to a court of equity for relief.'' The *Beck case* also deals with a state of facts in which all proceedings were taken in conformity with law, and the question raised was as to the amount of the assessment; on page 99 of the opinion in 110 Ohio State, 143 N. E., 661, 665, the court, in speaking of the absence of notice and of assessments, made after the improvement is completed, says: ''In such case it might be questioned whether a property owner's failure to avail himself of his statutory right to object would bar him from relief in a court of equity, and we express no opinion herein upon that specific point.''

In a review of these cases by the Fourth Appellate District, in the case of *Baltimore & Ohio Railroad*

*Co.* v. *Village of Oak Hill,* 25 Ohio App., 301, the court, at page 313, 157 N. E., 817, 821, announced a view now entertained by this court, which is: "The owner of the property, however, in questioning assessments, is not bound in all cases to first apply to the local authorities for the relief contemplated by Section 3850, General Code, * * * and whether he must proceed under Section 3850 in any case where the assessment is made on the front foot plan, or where the assessment is not made until after the improvement is completed, seems to be an open question."

We are of opinion that these three Supreme Court cases are readily distinguishable from the case at bar and are not controlling of the issue involved herein. A more recent decision of the Supreme Court, found in *Baxter* v. *Van Houter, Aud.,* 115 Ohio St., 288, 153 N. E., 266, recognizes and holds that a taxpayer whose lands are assessed for a sanitary sewer, after the improvement is completed, in excess of the property's value as improved, may enjoin the assessment under Section 12075, General Code, without first exhausting his statutory remedies.

In the case of *Kelly* v. *City of Cincinnati,* 6 Ohio App., 466, 28 O. C. A., 376, it was determined that the plan of assessment could not be changed and that, "The failure of property owners to file objections to special assessments under the provisions of Section 3848, General Code, does not prevent them from seeking relief under the provisions of Section 12075, General Code, where the provisions of the law relating to assessment in proportion to benefits have been clearly violated." And again referring to

*Meek* v. *Collinwood, supra,* and *City of Stockton* v. *Whitmore, supra,* wherein it was found that a change of material and an omission of a city block were illegal, which illegalities could be taken advantage of under the general statute, we reach the conclusion that the remedy provided by Section 12075 is available to the plaintiffs.

We hold it to be the law that a municipal corporation when dealing with its property owners, for whom it presumes to act and whose property it expects to specially assess for the benefits conferred upon such property by any special improvement, stands in a peculiar confidential relationship; and it is its duty to faithfully follow its granted power to so act to the end that the plan adopted may be substantially completed and its property owners in no way be substantially harmed thereby. A property owner, as in this case, has a right to presume that the municipal authority will do for him that which it in conscience and good faith proposed to and was bound to do, and the village is in no position to insist that its property owner pay for a whole loaf and receive but a fraction thereof, any more than the city may be made to respond to the contractor for the contract price when there is not a substantial performance of the contract.

It is the finding of this court that the plaintiffs have not waived their right to object to the assessments, and that they are not otherwise estopped, and the defendants are perpetually enjoined, as prayed for, until such time as the improvement is substantially completed as originally planned and legislated

for, and judgment is rendered against the village for costs.

*Decree accordingly.*

LEMERT, P. J., and ROBERTS, J., of the Seventh Appellate District, sitting by designation, concur.