. Common Pleas Court of Hamilton County.

BALTIMORE & OHIO RAILROAD CO. V. CITY OF CINCINNATI.

Decided November 19, 1932.

*Harmon, Colston, Goldsmith & Hoadly,* for plaintiff.

*John D. Ellis,* city solicitor, and *Henry M. Bruestle,* asst. city solicitor, for defendants.

ALFRED MACK, J.

This cause has been submitted upon demurrer to the petition. The petition alleges that plaintiff is the owner of real estate at the northeast corner of Central Avenue and West Second Street, fronting eighty-two (82) feet on the east side of Central Avenue, and also of real estate at the northwest corner of said streets, fronting 63.67 feet on the west side of Central Avenue; that defendant by proper proceedings caused Central Avenue from Third street to Front street (within which the property in question is included) except the intersection of Second street and parts of Central avenue occupied by the tracks and plank crossings of plaintiff over Central avenue, to be improved with granite blocks; that it is provided by said city in said proceedings that 50% of the cost of said improvement, less the cost of intersections, "should be assessed by the foot front of property abutting and abounding on the proposed improvement,"

which property was determined by said city to be specially benefited by said improvement.

It is alleged plaintiff at the time of said improvement owned, and still owns, certain tracks extending across Central avenue from the west to the east side thereof, and that in conformity with law it has constructed and maintained the said crossing, causing so much of Central avenue as is occupied thereby and the adjacent portion thereof between the rails of said tracks and on each side of the rails of said tracks to be improved by planks between the rails of said tracks and on each side thereof, as required by law, and that such space occupied by said planking in front of plaintiff's property on the west side of Central avenue is fourteen (14) feet in width, and the space occupied by said planking in front of plaintiff's property on the east side of Central avenue is thirty (30) feet in width.

It is allleged that the city of Cincinnati proposes to assess plaintiff upon the entire frontage of 145.67 feet owned by it, instead of 101.67 feet, which plaintiff claims is its frontage on the proposed improvement when the portion occupied by its tracks and improvement by planks is excluded.

The petition seeks an injunction against collecting an assessment in excess of the amount due on such frontage of 101.67 feet.

In the opinion of the court a decision of the demurrer is not difficult if the statutes in such cases made and provided are borne in mind.

Section 3812, General Code, gave the city the right to improve Central avenue and assess the cost thereof in either of three methods:

1. By a percentage of the tax value of the property assessed.
2. In proportion to the benefits which may result from the improvement.
3. "By the foot front of the property bounding and abutting upon the improvement."

In the instant case the city elected to pursue the third method.

As was determined by our court of appeals in *Kelly* v. *City of Cincinnati*, 6 Ohio App. 466:

"An assessment by the front foot cannot be made under the guise of the benefit plan. Whichever plan is adopted must be pursued in accordance with the statute, and the two plans cannot be co-mingled."

This rule should be borne in mind, because in the instant case the assessment was levied on the front foot plan and no argument as to "benefit" should therefore influence the determination of the matter involved herein.

By the provisions of Section 8843, General Code, plaintiff Railroad Company is required to build and keep in repair good and sufficient crossings at all points where any street is intersected by its tracks.

By Section 8844, General Code, as to crossings within municipal corporations, council is given power to determine the manner of constructing, repairing and maintaining such crossings.

Obviously the frontage between the tracks of such crossings so constructed and maintained by the Railroad Company should be as fully excluded from an assessment for an improvement upon which the same is not "bounding and abutting" as if the said crossing were located upon a street not proposed to be improved. In the opinion of the court, the fact that such crossing is within the termini of the improvement is not of importance, because in legal effect the improvement extends from such railroad tracks from one side of the crossing to one terminus, and from the other side of the crossing to the other terminus. The court is unable to follow the argument that plaintiff's frontage between the tracks of such crossing is "bounding and abutting upon the improvement."

The conclusion reached herein is supported by the decision of our own Circuit Court in *Klein* v. *City of Cincinnati*, 7 C. C. 266, wherein the opinion was delivered by Smith, J., who said at page 268:

"If the council determines, by the ordinance, that the assessment is to be made by the front foot on the abutting property, we think it must be limited to those lots and

lands abutting on the improvement, and can not be placed on those on a part of the street, in front of which no part of the improvement is made."

This decision was affirmed by the Supreme Court of Ohio, 52 O. S. 650, on February 5, 1895.

See also *Cincinnati* v. *Anderson*, 52 O. S., 600, wherein the Court held that inasmuch as the property of defendant in error in that case was found by the court not to abut on the improvement, the judgment of the Circuit Court in favor of defendant in error was affirmed.

It is strenuously urged by counsel for the city that the case of *Cincinnati* v. *Batsche*, 52 O. S., 324, decided on the same day as the Klein case, overrules the Klein case. If the conclusion reached in the Batsche case was regarded by the Supreme Court as inconsistent with its conclusion in the Klein case, it is remarkable that no reference is made in either decision to that of the other. In the opinion of this court the Batsche case is clearly distinguishable from the Klein case and is thoroughly consistent with it. The proposition involved in the Batsche case is clearly different from that involved in the Klein case. The Batsche case holds:

"Where a strip of ground from one side of a street is appropriated for the purpose of widening such street, the lots and lands fronting on the opposite side of the street at the part widened, will be held to abut on the improvement, although the street may intervene between the abutting lots and lands and the strip of ground appropriated."

That the two cases are thoroughly consistent is obvious from the following quotation from the opinion delivered by Dickman, C. J., at page 344:

"It is true that a portion of the street intervened, and the land of Batsche did not come in actual contact with the ground appropriated; but we do not think that the words of the statutes, 'bounding and abutting upon the improvement', are to be so restricted in their application as to exclude property in the same situation as that of Batsche in reference to the improvement. As soon as the appropriation was made, the ground became incorporated as part and parcel of the widened portion of the street, and the property on both sides of the street abutted then

on the improvement. Thereafter, the proprietors of lots fronting on both sides of the street might enjoy the free and lawful use of the condemned land; and the easement in the street, appendant to the abutting lots, extended as well to the newly appropriated ground as to the remaining portion of the street."

It follows from the foregoing that the demurrer to the petition will be overruled.