820 F.2d 1225
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William j. SHERFIELD, Plaintiff-Appellee,
v.
Sheriff John MATHENY a/k/a Johnny C. Bane, Defendant-Appellant.
 No. 86-5506
 United States Court of Appeals, Sixth Circuit.
 June 22, 1987.
 
 Before JONES and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant John Matheny, a/k/a Johnny Bane, the sheriff of Smith County, Tennessee, appeals from the district court's judgment on a jury verdict for plaintiff William Sherfield in plaintiff's action under 42 U.S.C. Sec. 1983 (1982) for deliberate indifference to serious medical needs. Defendant challenges certain jury instructions which he views as impermissibly holding him to the standard of a reasonable person. He also appeals the denial of his motion for remittitur following the verdict. Because we find no reversible error, we affirm the district court's judgment.
 
 
 2
 Plaintiff, a parolee, was arrested for drunk driving on the evening of February 23, 1984. He was taken to a hospital but he refused to submit to a blood test. He was then returned to the county jail. Plaintiff informed the arresting officer that he was a diabetic and insulin dependent. Plaintiff also wore a Medic Alert bracelet and carried a Medic Alert card in his wallet which indicated his insulin dependency. The defendant sheriff, who was present at the jail when plaintiff was brought in, admitted that he was informed that plaintiff was a diabetic but testified that he was not told or aware of his insulin dependence and never noticed the bracelet or card. The sheriff denied having any knowledge about diabetes or the needs of those who suffer from it.
 
 
 3
 Plaintiff was taken to a previously scheduled medical appointment at a Veteran's Administration Hospital for an orthopedic problem the day after his arrest. Plaintiff testified that because he was late for his appointment, he did not see a doctor but an orthopedic assistant who could not provide him with any insulin. Upon his return to the jail, plaintiff was placed in the 'bullpen'--a large cell for nonviolent offenders supervised by trustees.
 
 
 4
 Plaintiff testified that on Friday afternoon, February 24, he began experiencing headaches and dizziness from insulin deprivation. He claimed to have told one of the officers, but nothing was done. The defendant testified that plaintiff told him that he was experiencing neck pain from a recent automobile accident, but mentioned nothing about a need for insulin.
 
 
 5
 Plaintiff further testified that he became delirious on Saturday, February 25, and has no memory of events until early March. Defendant and his deputies testified that plaintiff appeared normal throughout the weekend and, when asked about his condition, never requested insulin. On Monday, February 27, plaintiff was found in a semi-conscious state vomiting blood, suffering from insulin shock. He was taken to a hospital where, according to the doctor, he responded only to deep pain. Plaintiff remained semi-conscious in the hospital for ten days and lost 35 pounds.
 
 
 6
 The instant section 1983 action was filed against the sheriff for deliberate indifference to plaintiff's medical needs. After a three-day trial, the defendant's timely objection to certain jury instructions was overruled. The jury subsequently awarded plaintiff $25,000 in compensatory damages for noneconomic loss. Defendant then moved to amend the judgment or for a new trial and later moved for remittitur. Both motions were denied.
 
 I.
 
 7
 The first issue that we address is the adequacy of the district court's jury instructions. In this circuit, an inaccurate or ambiguous clause in a jury charge is not reversible error unless, considering the charge as a whole, the isolated inaccuracy is likely to mislead the jury. 'Thus, the critical inquiry is whether the instructions as a whole provide the jury with sufficient guidance concerning the issues to be tried.' Teal v. E.I. DuPont deNemours and Co., 728 F.2d 799, 802 (6th Cir. 1984).
 
 
 8
 Defendant argues on appeal that two aspects of the jury instructions were prejudicially erroneous: (a) that he could be held liable if he 'knew or should have known that the plaintiff required medication for his diabetes'; and (b) that he could be held liable for the negligent supervision of his subordinates. Because our review looks to the jury charge in its entirety, we quote liberally from the relevant portions.
 
 
 9
 After giving standard civil instructions on evidence, etc., and summarizing the parties' theories of the case, the district judge explained that:
 
 
 10
 The defendant admits that he and his department knew of the plaintiff's claim that he was a diabetic during the period of the plaintiff's incarceration. The defendant further admits that the plaintiff suffered from a lack of insulin on February 17, 1984, but the defendant denies that he and his deputies knew of the lack of insulin until after the plaintiff was taken to the hospital on the afternoon of February 27, 1984.
 
 
 11
 App. 163. The judge then went on to outline the 'issues,' which contained the first alleged error.
 
 
 12
 Now, the issues in this lawsuit are as follows:
 
 
 13
 One, whether the defendant knew or should have known that the plaintiff required medication for his diabetes
 
 
 14
 Two, whether the defendant acted with deliberate indifference to the serious medical needs of the plaintiff.
 
 
 15
 Three, whether the alleged deliberate indifference of the defendant was the proximate cause of injury to the plaintiff.
 
 
 16
 Four, whether the plaintiff's injury was proximately caused by his own actions or failure to act.
 
 
 17
 App. 163-64 (emphasis added).
 
 
 18
 The judge next outlined the plaintiff's burden and correctly defined deliberate indifference.
 
 
 19
 The plaintiff's claim under Title 42 of the United States Code Section 1983, is based upon an alleged deprivation of medical care by the defendant subjecting the plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the Constitution of the United States.
 
 
 20
 In order to prove his claim, the burden is upon the plaintiff to establish by a preponderance of the evidence, the following:
 
 
 21
 First, that the defendant was deliberately indifferent to the serious medical needs of the plaintiff in depriving him of needed medication.
 
 
 22
 Second, that the defendant was acting under color of state law.
 
 
 23
 Third, that the defendant's deliberate indifference deprived the plaintiff of his federal constitutional rights to be free from cruel and unusual punishment as that phrase is defined in these instructions.
 
 
 24
 And four, that the defendant's deliberate indifference was the proximate cause of injury and consequent damage to the plaintiff.
 
 
 25
 Now, deliberate indifference to serious medical needs may be evidenced by an intentional denial or delay in access to medical care, or by an intentional interference with the treatment once prescribed. A mere inadvertent or negligent failure to provide adequate medical care does not constitute deliberate indifference. Whether a medical need is serious is a question of fact for you to determine from all the evidence in the case. Intent ordinarily may not be proved directly because there is no way of searching or seeing inside the operations of the human mind. But you may infer a person's intent from surrounding circumstances. You may consider any statement made or act done or omitted by a party whose intent is in issue and all other facts and circumstances which indicate his state of mind. You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is for you to decide what facts have been established by the evidence.
 
 
 26
 App. 164-65 (emphasis added). We note that the 'burden of proof' section does not contain the same objectionable 'should have known' language regarding defendant's knowledge as found in the 'issues' section quoted supra. Indeed, the paragraph defining deliberate indifference explicitly states that mere inadvertent or negligent conduct does not constitute deliberate indifference.
 
 
 27
 Finally, in explaining the concept of proximate cause, the judge stated:
 
 
 28
 Now, the mere fact that a defendant employs or supervises others who might have performed wrongful acts without more, will not make that employer or supervisor [liable] for the damages under Section 1983. That is to say, a defendant can be liable only for his own acts or his failure to act. If a defendant knew that those working under his supervision were engaging in conduct which deprived the plaintiff of his constitutional rights, and yet, failed to take reasonable steps to prevent or stop that conduct, then he might be viewed as adopting their conduct as his own.
 
 
 29
 Furthermore, if such wrongful conduct was so obvious that a supervisor cannot reasonably deny that knowledge of its existence was available to him, or if a minimum of attention on his part would have made him aware of the conduct, then you might find that he is chargeable with knowing that the conduct was going on.
 
 
 30
 App. 168 (emphasis added). Defendant objected to the second paragraph which he characterizes as authorizing a finding of liability for 'negligent supervision.'
 
 
 31
 With respect to the first assignment of error--whether the defendant sheriff 'knew or should have known' of plaintiff's insulin dependence--we observe that while the inclusion of this language in the 'issues' section was unnecessary and erroneous, we do not view the error as so prejudicial as to require reversal when considered in the context of the instructions as a whole. From our review of the transcript of the testimony at trial, we think that the primary 'issue' for the jury was one of credibility--whether to believe the sheriff's defense that he had no idea that a known diabetic prisoner might need special treatment despite the fact that the prisoner wore a Medic Alert bracelet, carried a Medic Alert card in his wallet, and told the arresting officer of his need. The jury was properly instructed on its function in judging credibility. We view the objectionable 'issue' instruction as merely an ill-advised further attempt to impress upon the jury its duty to decide the believability of defendant's claim of ignorance.
 
 
 32
 Moreover, to the extent that defendant's objection was addressed to the possibility that the jury might infer an ability to assign liability on the basis of mere negligence in the failure to recognize a serious medical need, we observe that the jury was explicitly and repeatedly instructed that plaintiff had to prove 'deliberate indifference.' The jury was also told that neither inadvertence nor negligence constitutes deliberate indifference.
 
 
 33
 The second assignment of error regarding the jury instructions concerns the sheriff's potential supervisory liability for the deliberate indifference of his deputies. The above-quoted instruction made it clear that the sheriff could not be found liable under the theory of respondeat superior. Rather, 'a defendant can be liable only for his own acts or his failure to act.' The instructions then go on to say that if the sheriff knew of any constitutional deprivations visited upon plaintiff by the deputies, or if the wrongful conduct was so obvious that knowledge cannot be reasonably denied, or if a minimum of attention would have apprised defendant of such conduct, then the jury might find the sheriff chargeable with such knowledge.
 
 
 34
 We reject the defendant's contention that this instruction authorizes a finding of liability for mere negligent supervision. We think that the instruction described, in layman's terms, the concepts of recklessness and gross negligence. It is the law of this circuit that a prison official's gross negligence or deliberate indifference to a prisoner's needs may constitute an eighth amendment violation. See Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985) (citing Stewart v. Love, 696 F.2d 43, 44 (6th Cir. 1982) (prison assault case)). We have also recently held that grossly negligent or reckless supervision can form the basis for liability in a section 1983/fourteenth amendment action. See Nishiyama v. Dickson County, 814 F.2d 277, 282-83 (6th Cir. 1987) (en banc).
 
 
 35
 The theory of plaintiff's case, as explained in closing argument,[1] was essentially that if the defendant was in fact ignorant of plaintiff's serious medical needs, that ignorance was attributable to the sheriff's pattern, practice or policy of reckless indifference to the medical needs of prisoners. See Transcript at 355-56. While the factual support for this argument is somewhat tenuous, what support does exist is found largely in the sheriff's own testimony concerning the lax jail procedures. Therefore, we are not presented with the situation described in City of Oklahoma City v. Tuttle, 105 S. Ct. 2427 (1985), where the jury was allowed to infer a pattern or practice giving rise to section 1983 liability on the basis of a 'single incident without the benefit of . . . additional evidence.' Id. at 2435. See also Rymer v. Davis, 775 F.2d 756 (6th Cir. 1985).
 
 
 36
 In sum, we hold that the instructions to the jury, when viewed as a whole, provided sufficient guidance on the legal issues in dispute to satisfy due process.
 
 II.
 
 37
 This court's review of a denial of a motion for new trial based on the alleged excessiveness of the verdict, as well as a denial of a motion for remittitur, is limited to whether the district judge abused his discretion. Young v. Langley, 793 F.2d 792, 794 (6th Cir.), cert. denied, 107 S.Ct. 436 (1986); Manning v. Altec, Inc., 488 F.2d 127, 132-33 (6th Cir. 1973). Defendant argues on appeal, as he did below, that the jury verdict of $25,000 for noneconomic damages is excessive based upon the evidence because plaintiff was comatose or semi-conscious during most of the pain. The district court's ruling on the motion for remittitur sums up our reaction to this argument:
 
 
 38
 The defendant contends that the plaintiff experienced minimal pain and suffering because of his stuperous [sic] or semiconscious state. The Court finds that, while creative, the defendant's contention is without merit. For the Court to accept the defendant's proposition, it would be required to find, in essence, that by inflicting more severe injuries and thereby rendering a plaintiff unconscious, a defendant may reduce his liability for damages resulting from the plaintiff's pain and suffering. The Court simply refuses to make such a finding.
 
 
 39
 App. 15. Clearly, we think, this ruling is correct. Indeed, it may have been an abuse of discretion under the circumstances to grant the motion.
 
 
 40
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Plaintiff's complaint was apparently filed pro se and is not found in the official record. The theory of the case set forth in the final pre-trial order is less than detailed