Houck, J.
This is a suit' in equity in which the plaintiffs seek to enjoin the defendant company from operating its garbage disposal plant, located near the city of Canton, Ohio, and'say that said plant throws off offensive gases, smokes and odors, which plaintiffs claim are injurious to their health, and, further, that their homes, by reason of same, have become and are almost useless.
The pleadings being somewhat lengthy, we deem it necessary in this opinion to set out only such parts as we think essential to a proper determination of the facts and the law in the case.
Plaintiffs’ petition avers that “said so-called garbage disposal plant so erected by said company, and which is now operating for the so-called disposal of the garbage so delivered by said city of Canton to it, is either totally unfit and unsuited for the purpose of a garbage disposal plant and for the purpose of properly disposing of garbage, or the same has at' all times by said defendant company been ^so unskilfully and inefficiently oper- ■ ated as to cause the same to be so unfit and inefficient. * * * Plaintiffs say that they are not well enough acquainted with the mechanism of a plant of that kind and character to allege or aver as 'to whether or not the cause of said injuries is by reason of the inefficient operation of said plant, or by reason of the fact that said plant is not adapted to nor is it fit for the purpose of a garbage disposal plant.”
*163 The answer of the defendant denies all of the material allegations of plaintiffs’ petition, and affirmatively sets forth “that defendant’s said plant complained of in plaintiffs’ petition was built, and was and is constructed and maintained upon the most modern sanitary and scientific plans, and was and is equipped and operated with the highest degree of care, and with the most modern and improved machinery, mechanism and devices for the elimination and destruction of any and all odors, vapors and gases which may arise in the operation of said plant, or which in any wise may be- incident thereto, and that no odors, vapors or gases have arisen therefrom save and except such only as are unavoidable, and are necessarily incident to the conduct of said business by the highest degree of care, and by -the most skilled and improved methods, both as to the construction of said plant and in the manner of its operation.”
The defendant, as a further defense, says “that on the 6th day of December, 1916, the defendant entered into a written contract with the city of Canton, Ohio, for the erection by defendant of a garbage disposal plant adjacent to its said fertilizing and rendering plant and for the disposal thereat by defendant of the garbage collected by said city within the limits of said municipal corporation during a period of ten years after said disposal plant was completed and ready for operation. That said contract between said city and defendant was duly made and entered into, and said disposal plant constructed and operated under it, and in accordance with and as authorized by the provisions of law contained in Section 3809 of the General *164 Code of this state, and under and in pursuance of an ordinance duly passed by the council of said city, on the 27th day of November, 1916, authorizing the making of said contract on behalf of said city. * * * ■ Defendant especially denies that it at any time in the operation of its said plant has caused plaintiffs or any of them any actual, substantial or material injury or annoyance in the use and occupancy of their homes, and avers that in the event the operation of said disposal plant is enjoined and discontinued, such action would result in great and immediate loss and damage to the city of Canton and to the defendant, and would result in great and irreparable injury to the health and welfare of the residents of said city and the community at' large.”
Counsel for defendant in their printed brief say “that the garbage disposal plant in question, .having been erected by defendant at a place designated by the city of Canton, under a contract entered into by defendant for the purpose of conserving the public welfare, in pursuance of legislative authority conferred upon the city by Section 3809 of the General Code, its operation can not properly be enjoined, providing the plant is properly constructed, and equipped and operated with the highest degree of care and skill, so as to produce the least possible annoyance.”
To this claim we can not and do not assent. While it is true that the legislature has enacted a law authorizing a city to contract for garbage disposal, yet the legislature can not authorize the creation of a continuing nuisance, which in effect becomes a standing menace to health and destroys *165 private property. It seems to us that the power granted by the legislature to municipalities in this respect is to be exercised with due regard for the health and comfort of a community, and, when not so exercised, courts of equity will not and should not deny an application for relief until violated private rights have been in some way protected. Does the mere fact that a garbage disposal plant is constructed, equipped and operated with the highest degree of care and skill, so as to produce the least possible annoyance, bar and preclude plaintiffs from the relief asked by them in their petition, in the face of the fact that the evidence before- us clearly shows that the plant as. now operated emits gases, smokes, vapors and noxious odors, to the injury of the healtl of plaintiffs as well -as to the material injury of their property? Certainly not.
The plant may be conducted with as little annoyance as those who operate it can produce, yet does not the law require it to be so operated as not to injure the health of persons living near it? Also that it shall not throw off destructive vapors, causing' injury not only to human life but destruction to property as well ? There can be but one answer, and that is in the affirmative.
The owner of a garbage disposal plant has a right to send the smoke, vapors and noxious odors from the same into the open air, provided no one is actually injured or annoyed thereby; but such owner has no right to cast off from such plant smokes, noxious odors and unwholesome smells upon his neighbor’s home and property, and then plead as • a defense that he has done so with as *166 little annoyance and inconvenience as possible. Such owner will not be allowed to manage, control and operate his business according to his own notions of how it shall be done, in total disregard of the health and comfort of his neighbor. A person is bound to use his own property in such way and manner as not to injure the property of his neighbor; therefore a use which produces injurious and destructive vapors, smokes and noxious odors, causing an annoyance to property owners in the neighborhood, is such an annoyance as will authorize a court of equity to act and grant the proper relief.
We must bear in mind that the city of Canton is not a party to this suit, nor is it necessary or proper that it should be. The fact that it made a contract with the defendant in this case to dispose of it's garbage does not add to or take from the plaintiffs any of their' legal or equitable rights in the premises, and it in no wise creates in the defendant any greater rights in law or equity as to the proper determination of this suit.
Coming now to a brief discussion of what appears to us to be the real question in the case, Have the plaintiffs or any of them suffered any actual, substantial or material inconvenience or annoyance in their homes, or have any of them been injured in health? This must be determined by the evidence in the case, which consists of more than nine hundred pages of typewritten matter. We have read this testimony with much care and no small amount of labor. Before the plaintiffs are entitled to the relief prayed for in their petition they must establish by clear proof all of *167 their material allegations, as set forth in their said petition. A .court of equity is not authorized to grant injunctive relief unless the proof clearly warrants it. We are then led to inquire, How stand the issues of fact in this case? The great weight of the evidence is with the plaintiffs, and they have fully satisfied us that the claim they make is right and is clearly sustained by the evidence in the case.
\ After a careful consideration of the whole case we are of the opinion that the plaintiffs are entitled to an injunction restraining and preventing the defendant from operating its said plant' in such a way or manner as to cause offensive or noxious odors, vapors, gases and smokes to be thrown off or cast from its plant upon the homes or premises of said plaintiffs, or either of them, to the substantial or material injury or annoyance of the said1 plaintiffs or any of them.

Decree and judgment accordingly.

Powell and Shields, JJ., concur.