The Perrysburg Banking Co. *v.* The Village
of Deshler.

*Damages — Personal injuries — Reimbursement — Municipality can not recover from bank, when — Real estate held to secure debt.*

A bank which has never been in possession of real estate, nor exercised any dominion over the same, but holds the legal title thereto for the mere purpose of securing an indebtedness to it, and has no knowledge of the existence of a nuisance thereon, is not required to reimburse a municipality for damages for personal injuries which the municipality has been compelled to pay by reason of the existence of the nuisance.

(Decided March 10, 1919.)

Error:   Court of Appeals for Wood county.

*Mr. Thomas L. Gifford* and *Messrs. Fries & Hatfield,* for plaintiff in error.

*Mr. W. W. Campbell; Mr. Fred Gribbel* and *Mr. R. W. Cahill,* for defendant in error.

Richards, J.   On March 19, 1914, Beatrice A. Cox, a child then about seven years of age, was injured on Keyser avenue in the village of Deshler, while passing along a sidewalk.   In an action brought to recover damages therefor, she recovered a judgment against the village for $500.

The present action was brought by the village against The Perrysburg Banking Company, which is claimed to have been the owner of the property at the date of the injury and to have been responsible for the defective condition, to reimburse the village for the amount of said judgment and costs and for $150 attorneys' fees incurred in defending the action.

The case was tried to the court without the intervention of a jury, resulting in a judgment in favor of the village, and against the banking company in the amount of $860.26.

We have examined all of the errors claimed to exist in the record, but find it necessary in this opinion to discuss only one of them, as the decision on that assignment of error will necessarily dispose of the whole controversy.

One of the defenses in the answer of The Perrysburg Banking Company is that it was not, at the time of the injury of Beatrice A. Cox, the owner of the property, and never had been such owner, but that it had the mere legal title to the property, as security for an indebtedness of $1,120 owing to it, and that therefore it is not liable, in any event, for the existence of the claimed defect.

It appears from the record that The Sibert Mercantile Company became the owner of this property in the year 1910 and continued to occupy and use the same for business purposes. The Sibert Mercantile Company was indebted in the amount of about $9,000, which was secured by sundry mortgages on this property, one of the mortgages in the amount of $2,000 being held by The Perrysburg Banking Company. An action in foreclosure was commenced by one of the mortgagees against The Sibert Mercantile Company, making other lienholders parties defendant, and such proceedings were had in that case that a decree was rendered finding the amount due the various lienholders, and the property was advertised to be sold at sheriff's sale. Immediately before the day of sale, an agreement was made whereby The

Sibert Mercantile Company borrowed $8,000, giving a mortgage to secure the same upon the property, and as this amount was insufficient to pay the entire indebtedness, it agreed with The Perrysburg Banking Company, in consideration of $1,000 paid to the bank on its claim, to convey the property to Thomas L. Gifford, as trustee. This transaction was carried out, a deed made to Thomas L. Gifford, as trustee, for the consideration of $1 named therein, and a written declaration of trust was executed by the trustee, showing the terms under which he held the conveyance of the property, these terms being, in substance, that upon the payment of the balance of the indebtedness due to The Perrysburg Banking Company, within one year from the date of the deed, which was April 19, 1912, the trustee would reconvey the property to The Sibert Mercantile Company, but in default of such payment within the time named, the trustee agreed to convey the property to The Perrysburg Banking Company. The amount remaining due the bank was not paid within the year and on the expiration of the time named, Gifford, as trustee, in consideration of $1, executed a deed of the property to The Perrysburg Banking Company, which deed bears date of April 21, 1913. All these deeds were placed on record.

The Sibert Mercantile Company continued all this time to occupy the premises. The consequences flowing from possession are stated in the following terms in 20 Ruling Case Law, 352:

"It is a general rule of law that the possession of real property is a fact putting all persons on

inquiry as to the nature of the occupant's claims as well as the claims of the person under whom he occupies."

So far as the record shows, the bank never paid any taxes or insurance, or made any repairs on the property, or exercised any act of dominion over the same in any manner. Neither does the record disclose that the bank ever received any rent for the property or expected to receive any.

We have no hesitancy in reaching the conclusion that the device adopted of securing the indebtedness to the bank left the bank in the position of a creditor of The Sibert Mercantile Company, and the whole transaction must be construed to be, in fact, a mortgage to secure the indebtedness held by the bank.

The answer of the bank alleges that the transaction was so construed by the court of appeals of Henry county in certain litigation pending therein. That decision can not be *res adjudicata* in this case, for the reason that the village of Deshler was not a party to the proceedings. Nevertheless we reach the same conclusion as was announced by the court of appeals in that action.

The defect which caused the injury to Beatrice A. Cox arose from a stairway leading to an upper story, along the side of the building on this property. This stairway projected some two feet over the sidewalk, and from the outer edge of the stairway a portion of the railing, consisting of a strip of iron about two inches wide and from one-eighth to one-half an inch thick, and several feet long, had become detached at the lower end, and this end projected out still further over the sidewalk,

and the iron being still attached at the upper end, the lower end could be swung back and forth over the walk, and was at times out over the walk a considerable distance and at other times remained against the side of the stairway. This condition had existed for some six or eight months prior to the injury to the child. The bank is located in the village of Perrysburg, which is situated in another county and approximately 30 miles distant from Deshler, and it does not appear that it, or any of its officers, ever had any actual notice of the defect. Without doubt a jury would be justified in finding that the condition existing amounted to a nuisance; and it is insisted that under the doctrine announced in *Morris* v. *Woodburn,* 57 Ohio St., 330, the bank is liable to respond to the village for the amount of damages recovered by the injured person and for the attorneys' fees incurred by the village in making the defense. The case cited is explained and its application limited in *Wilhelm* v. *City of Defiance,* 58 Ohio St., 56. We can not, however, extend the doctrine, which is limited to an owner, so as to include one who has made a loan to the real and beneficial owner and has taken a conveyance merely for the purpose of securing the indebtedness, and where the transaction amounts merely to a mortgage for the purpose of securing the indebtedness. The bank exercised no act of dominion over the property and had no knowledge of the defect. It never had been in possession of the property, nor received any rents therefrom. It was in no sense the beneficial owner of the property. The doctrine announced in *Morris* v. *Woodburn, supra,* can not

be applied to a case involving such circumstances.

The judgment which was rendered in the court of common pleas includes $150 attorneys' fees, but the record contains no evidence showing the value of such services. In the absence of evidence, it is error to include an allowance for the amount of the attorneys' fees.

The trial court declined to admit in evidence the written declaration of trust executed by Thomas L. Gifford, trustee. This instrument, when executed, having been submitted to the parties, was competent evidence and should have been received. However, the record contains no prejudicial error in this respect, as oral testimony was received showing the entire transaction.

Judgment reversed and cause remanded for further proceedings.

*Judgment reversed, and cause remanded.*

CHITTENDEN, J., concurs.

KINKADE, J. I concur in the judgment of reversal and in the opinion, except that part of the opinion which cites 20 Ruling Case Law, 352, as applicable here. I can see no proper application in this case of the principle there announced.