## DeHOFF v MYERS et

Ohio Appeals, 5th Dist, Stark Co

No. 941. Decided October 17, 1929

Messrs. H. C. Pontius, Esq., and Thos. Miller, Esq., Canton, for DeHoff.

Mr. Henry W. Harter, Jr., Canton, for Myers et.

HOUCK, J.

Mandatory stautes are imperative and must be strictly construed, otherwise the proceeding which is taken ostensibly by virtue thereof will be void. Compliance therewith substantially is a condition precedent, that is, the validity of acts done under a mandatory statute depends on a compliance with its provisions.

The vital question presented in this case is as to whether or not there has been a substantial compliance with the statutory provisions governing the questioned election. If there has been such, then the claim of the plaintiff must fall. See 2nd Sutherland on Statutory Construction, 2nd Edition, Sec. 627.

We are also clearly of the opinion that the case of **Board of Education vs. Briggs, 114 OS. page 415,** adopts and follows the rule herein laid down.

It will be observed that this is a suit for injunctive relief and this remedy is summary, peculiar and extraordinary and ought not to be invoked except for the prevention of great and irreparable mischief, and granting such relief always rests in the exercise of a sound discretion governed by the nature of the case. The granting of injunctive relief rests wholly and entirely in the discretion of the Chancellor or Chancellors. Substantial and positive injury must always be made to appear to the satisfaction of the Chancellor or Chancellors before allowing injunctive relief and acts which, although appearing irregular, if they have no injurious result, constitute no ground for such relief.

"One who seeks an injunction must show his right thereto by clear evidence.
**Riefsnyder v. Fertilizer Co. 9 Ohio App. 161.**
"A court of equity will grant a perpetual injunction only when a party shows a clear right thereto.
**Spangler v. Cleveland, 43 OS. 526.**

In the light of these authorities and the peculiar facts set forth in the petition and the conceded facts stated by counsel in the argument of this case, we have no hesitancy in saying that the plaintiff is not entitled to a permanent injunction against the defendants.

In this case there is no charge of fraud and no one seems to have been injured in person or property and it occurs to the Court that the relief prayed for in the petition should not be granted, where no showing of substantial injury or wrong has been made. The election has been held and the electors voted to issue the bonds and to enjoin the sale of them at this time, it seems to us, would be an exercise of an abuse of discretion in a Court of equity. Viewing the case as we do, we are clearly of the opinion that substantial justice warrants and authorizes the refusal to grant the injunction as prayed for in the petition, which is now done.

Judgment is entered for the defendants, and the petition of the plaintiff is dismissed.

Lemert, J, and Sherick, J, concur.