PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3754
_____

UNITED STATES OF AMERICA

v.

RAYMOND BROWN,

Appellant
_____

On Appeal from the District Court of the
Virgin Islands
(D.C. No. 3-13-cr-00022-005)
District Judge:  Hon. Curtis V. Gomez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 13, 2016

Before:   CHAGARES, JORDAN and HARDIMAN,
*Circuit Judges*.

(Filed: February 22, 2017)
_____

Ryan T. Truskoski
P.O. Box 568005
Orlando, FL   32856
      *Counsel for Appellant*

Kim L. Chisholm
Ronald Sharpe
Office of United States Attorney
5500 Veterans Bldg. – Ste. 260
United States Courthouse
St. Thomas, VI   00802
      *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Raymond Brown appeals from his conviction and sentence in the District Court of the Virgin Islands.  He argues that the use of dual juries (one for him, and one for a co-defendant) violated his Fifth and Sixth Amendment rights.  He also asks us to reconsider our rule placing the burden on defendants to object at sentencing, and he says we should instead require the sentencing court to solicit objections.  For the reasons that follow, we will affirm.

## I.     Background

Brown and seven others were charged in a 69-count Third Superseding Indictment with crimes related to multiple conspiracies to purchase, transport, and distribute cocaine.

The central feature of the case was a cocaine enterprise organized by Robert Tapia, a Virgin Islands law enforcement officer.

Ultimately, only Brown and one other defendant, Walter Hill, proceeded to trial. Although both Brown and Hill were connected to the enterprise, there was no allegation that the two conspired with one another. Brown communicated with Tapia about potential cocaine purchases and helped deliver the cocaine to Tapia, while Hill assisted in the collection and subsequent transportation of the purchased cocaine.

Before trial, the Court observed that, "[w]hile initially there was an overarching conspiracy, there is none now. And nothing that ties the two defendants together." (Supp. App. at 1.) Therefore, "[o]ut of an abundance of caution, the Court … select[ed] two juries to hear th[e] matter." (*Id.*) It explained the process of empaneling two separate juries and had counsel agree on the record to that procedure. It then designated Brown's jury "Panel A" and Hill's jury "Panel B." Panel A convicted Brown on Count Six, for using a communication to facilitate a drug crime, in violation of 21 U.S.C. §§ 843(b) and (d)(1) and 18 U.S.C. § 2. He was acquitted on nine other counts.[1]

---

[1] Panel B convicted Hill of conspiracy with intent to distribute cocaine, possession with intent to distribute cocaine, and use of a communication facility to commit a drug crime.

3

At sentencing, the Court determined that Brown had an offense level of 28 and a criminal history category of I. It then calculated the guideline range of imprisonment as 78 to 97 months. Because the minimum term of imprisonment under the guidelines exceeded the statutory maximum sentence, the Court turned to § 5G1.1(a) of the United States Sentencing Guidelines.[2] Pursuant to that section, and after consideration of the sentencing factors enumerated in 18 U.S.C. § 3553, the Court sentenced Brown to the statutory maximum term of 48 months. Brown did not object to the sentence.

## II. Discussion[3]

### A. Dual Juries

Brown challenges the District Court's decision to empanel dual juries as violative of his Fifth Amendment right to due process and Sixth Amendment right to trial before an impartial jury.[4] Because there was no contemporaneous

---

[2] Section 5G1.1(a) of the Sentencing Guidelines states that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612. We have jurisdiction under 28 U.S.C. § 1291.

[4] The Fifth Amendment protects a defendant from deprivation of "life, liberty, or property, without due process

objection, we review the Court's decision for plain error under Federal Rule of Criminal Procedure 52(b), unless the issue was waived.[5] *Puckett v. United States*, 556 U.S. 129, 135 (2009). We thus begin by asking whether there was waiver, because "[t]he threshold question in deciding whether there is appellate authority to grant relief under Rule 52(b), is … whether the appellant who failed to object in the trial court to an error that violated his rights was aware of the relinquished or abandoned right." *Gov't of Virgin Islands v. Rosa*, 399 F.3d 283, 291 (3d Cir. 2005). Since waiver is a threshold question under Rule 52(b), *id.*, we will address it even though the government did not argue the point in its Answering Brief.

On the procedural facts here, one could contend that Brown did waive his right to complain about the empanelling of dual juries. Not only did his counsel fail to object to

---

of law[.]" U.S. Const. amend. V. The Sixth Amendment entitles a defendant to "a speedy and public trial, by an impartial jury[.]" U.S. Const. amend. VI.

[5] Brown argues that he should escape plain error review because his trial counsel rendered ineffective assistance by not objecting to the use of dual juries. But, except in extraordinary circumstances, "claims of ineffective assistance of counsel … are not cognizable on direct appeal." *United States v. Givan*, 320 F.3d 452, 464 (3d Cir. 2003). To spare Brown "from having res judicata attach to the ineffective assistance claim," we decline to address it here. *Gov't of Virgin Islands v. Vanterpool*, 767 F.3d 157, 164 (3d Cir. 2014).

proceeding in a single trial before two juries, but, after the District Court solicited objections, counsel explicitly agreed to it.[6]   And yet, "an explicit agreement or stipulation constitutes a waiver of rights [only] if the defendant was aware of the right." *Id.*  As with the waiver of rights, so too with the arguments associated with those rights – because the government did not demonstrate, nor does the record show, that Brown himself was aware of the rights implicated by the joinder of his and Hill's cases and the use of dual juries, we cannot say that Brown knowingly and intelligently waived any arguments bearing on those rights.[7]   *See Brewer v. Williams*, 430 U.S. 387, 404 (1977) ("[T]he proper standard to be applied in determining the question of waiver as a matter of federal constitutional law" requires the government "to prove 'an intentional relinquishment or abandonment of a

---

[6] After explaining the dual jury process, the District Court specifically stated that it did not "believe it ha[d] any objection from counsel with the [dual jury] procedure as … just outlined." (Supp. App. 2.)  Brown's counsel was asked to confirm that was the case, and he said, "Yes, Your Honor." (*Id.*)

[7] We do not hold that a defendant must be personally aware of and knowingly waive every issue that may arise in a case, only those issues involving fundamental constitutional rights.  *See McMahon v. Fulcomer*, 821 F.2d 934, 944 (3d Cir. 1987) ("[T]he Supreme Court has cautioned 'that courts indulge in every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights.'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))).

known right or privilege.'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))).

When addressing a waiver of the right to a jury trial in the context of a guilty plea, we have required that the defendant be individually informed of and understand that right before he can knowingly waive it. *Taylor v. Horn*, 504 F.3d 416, 440 (3d Cir. 2007). To that end, the trial court engages in a colloquy to ensure "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances[.]" *Id.* (quoting *Iowa v. Tovar*, 541 U.S. 77, 92 (2004)). That practice is also used to ensure that a criminal defendant's waiver of other key constitutional protections is knowing and intelligent. *See United States v. Stewart*, 977 F.2d 81, 84 (3d Cir. 1992) (recognizing that a colloquy is required before waiving "the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers" after the Supreme Court decision in *Boykin v. Alabama*, 395 U.S. 238 (1969)); *see also United States v. Peppers*, 302 F.3d 120, 135-36 (3d Cir. 2002) (requiring a colloquy when waiving right to counsel by proceeding *pro se*).

We need not decide whether a colloquy with the defendant is essential, even if it is advisable, when a court proposes to proceed before dual juries rather than following the standard practice of trying a case before a single jury. It is enough to say that there must be some indication on the record that the defendant was actually aware of his due process and jury rights and that he himself – not just his counsel – knowingly sanctioned a procedure that arguably impinges on those rights. The government here did not assert waiver, and thus did not sustain its burden necessary for

7

waiver. *Brewer*, 430 U.S. at 404. There simply is nothing to suggest that Brown was personally aware of his right to an impartial jury and then, "with an understanding of the ramifications and consequences[,]" *Peppers*, 302 F.3d at 129, went ahead and waived any objection to being tried together with Hill before dual juries. Therefore, the statement of Brown's counsel agreeing that there was no objection to the joint trial before dual juries does not constitute a waiver of Brown's ability to raise arguments now concerning joinder and the right to an impartial jury. We thus review for plain error.

On plain error review, we can only correct an error not raised at trial where the appellant demonstrates that (1) there is a legal error; (2) the legal error is clear or obvious; (3) the error affected the appellant's substantial rights such that it affected the outcome of district court proceedings; and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The use of dual juries seems to have very little precedent in this Circuit – we have found only one example of it, which was not challenged on appeal. *See United States v. Cruz*, No. 98-5170, 1998 WL 34096109 (stating in Appellant's Opening Brief, at *3-4, that the District Court had decided "to resolve the issue regarding the admissibility of the statements made by codefendants … by empaneling [sic] two juries; one for [Appellant] and one for the three remaining defendants"). The practice has, however, occurred and been constitutionally challenged in several other courts of appeals. Each circuit court that has addressed the use of dual

8

juries has upheld the practice unless a defendant can "show some specific, undue prejudice." *Mack v. Peters*, 80 F.3d 230, 235 (7th Cir. 1996); *see also Lambright v. Stewart*, 191 F.3d 1181, 1186 (9th Cir. 1999) (upholding use where there was no due process violation and neither defendant "convincingly pointed to some other specific trial right which was compromised"); *United States v. Lebron-Gonzalez*, 816 F.2d 823, 831 (1st Cir. 1987) (requiring defendant to carry "heavy burden of making a strong showing of prejudice"); *United States v. Lewis*, 716 F.2d 16, 20 (D.C. Cir. 1983) (analyzing whether there was any specific prejudice resulting from dual juries); *United States v. Hayes*, 676 F.2d 1359, 1366 (11th Cir. 1982) (same); *United States v. Rowan*, 518 F.2d 685, 690 (6th Cir. 1975) (same). A review of Federal Rule of Criminal Procedure 14 and our precedent governing the use of joint trials supports the uniform holdings of our sister circuits, and we agree that the use of dual juries is not *per se* unconstitutional.

Rule 14 provides relief to defendants from "prejudicial joinder." Under that rule, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. Permitting courts to "provide any other relief that justice requires" affords great latitude to trial courts to craft remedies that fit the circumstances of each case. *Id.* "Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993) (citation omitted). As a result, we require

9

"[d]efendants seeking a severance [to] bear a heavy burden and … demonstrate not only that the court would abuse its discretion if it denied severance, but also that the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (internal quotation marks omitted).

We see no reason why the rule should be any different when the joint trial is before two juries rather than one. In fact, depending on the circumstances, a joint trial before separate juries could be more protective of defendants' rights than the use of a single jury. *See Lebron-Gonzalez*, 816 F.2d at 831 (concluding that the use of dual juries was "a way of minimizing any prejudice from jointly trying the defendants"). Therefore, as required for severance generally, in order to successfully challenge the use of dual juries, a defendant "must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Balter*, 91 F.3d 427, 433 (3d Cir. 1996), *as amended* (Aug. 16, 1996) (quoting *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996)).

Brown argues that empaneling two juries violated due process and his right to an impartial jury because the jury was "exposed to irrelevant evidence that by its very nature did not apply to him." (Opening Br. at 13.) He provides one example of confusion, where, on cross-examination, a witness mixed-up the two defendants and the government had to correct the error on redirect. But there is no dispute that the error was corrected. And we have often declined to find prejudice "'in a joint trial just because all evidence adduced is not germane to all counts against each defendant' or some

10

evidence adduced is 'more damaging to one defendant than others.'" *Balter*, 91 F.3d at 433 (quoting *United States v. Console*, 13 F.3d 641, 655 (3d Cir. 1993)). Without any indication that there was "clear and substantial prejudice resulting in a manifestly unfair trial[,]" Brown cannot show that the use of dual juries constituted error, let alone plain error. *Lore*, 430 F.3d at 205 (quoting *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005)).

It is a "fundamental principle that the federal system prefers 'joint trials of defendants who are indicted together []'' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"[8] *Urban*, 404 F.3d at 775 (alteration in original) (quoting *Zafiro*, 506 U.S. at 537). If dual juries can be empanelled without "a serious risk that [such] a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," the practice is not in itself unconstitutional. *Id.* That said, we do not mean by this ruling to encourage the practice. The potential complications are not insignificant. Nevertheless, Brown has not shown any obvious error affecting substantial rights or the fairness of the proceedings. We will therefore affirm his conviction.

---

[8] Given the District Court's comment that "nothing [] ties the two defendants together" (Supp. App. at 1), we are conscious of the concern that joinder here may have lacked the robust justification it ordinarily has. But the record indicates that there actually was overlap in the factual background of Brown's and Hill's cases, and we cannot say that joinder was plainly erroneous.

11

## B. Failure to Object at Sentencing

Brown also challenges the Court's failure to solicit objections before imposing sentence, arguing that we should overturn our recent *en banc* decision in *United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014). In *Flores-Mejia*, "we h[e]ld that, in a criminal prosecution, unless a relevant objection has been made earlier, a party must object to a procedural error after the sentence is pronounced in order to preserve the error and avoid plain error review." 759 F.3d at 258. Under *Flores-Mejia*, because Brown did not object to his sentence, an appeal of that sentence would be subject to plain error review. Brown does not, however, appeal any aspect of his sentence. Reconsidering *Flores-Mejia* would thus have no affect on his appeal – there is simply no alleged error to which we could apply a more generous standard of review. We have, then, no occasion to reconsider our well-reasoned decision in *Flores-Mejia* at this time, even if we were inclined or empowered to do so.

## III. Conclusion

For the foregoing reasons, we will affirm Brown's conviction and sentence.