NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 17-2600

————————————

UNITED STATES OF AMERICA

v.

BOE KEENAN,
                            Appellant

————————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-15-cr-00226-001)
District Judge: Honorable Cathy Bissoon

————————————

Submitted under Third Circuit LAR 34.1(a)
on January 24, 2019

Before: JORDAN, KRAUSE and ROTH, Circuit Judges

(Opinion filed: October 1, 2019)

————————————

OPINION[*]

————————————

ROTH, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Boe Keenan appeals his sentence of 151 months' imprisonment, contending that the District Court improperly designated him a career offender. Finding no error, we will affirm the District Court's judgment of sentence.

I

Keenan was charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a) in connection with a June 2015 incident in Wexford, Pennsylvania. In February 2017, Keenan pleaded guilty to that count. The District Court determined Keenan was a career offender and imposed a within-Guidelines sentence of 151 months to be followed by three years of supervised release.

Keenan's career offender enhancement was based on two prior convictions: (1) his 2008 Pennsylvania conviction for aggravated assault with a deadly weapon under 18 Pa. C.S. §2702(a)(4), and (2) his 2010 federal conviction for bank robbery by intimidation under 18 U.S.C. § 2113(a). Keenan's Guidelines range was calculated at 151–188 months after accounting for his acceptance of responsibility.

Prior to sentencing, Keenan objected to portions of the Presentence Investigation Report (PSR). First, Keenan contended that he did not qualify as a career offender because his prior convictions for aggravated assault with a deadly weapon and bank robbery by intimidation did not qualify as crimes of violence. Second, he argued for a downward departure or variance from the advisory Guidelines range because his career offender enhancement substantially over-represented the seriousness of his criminal history or the likelihood that he would commit other crimes and because a lower sentence

2

was sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2).

At sentencing, the District Court ruled that Keenan's two prior convictions both qualified as predicates for a career offender enhancement. The District Court denied Keenan's request for a departure under U.S.S.G. § 4A1.3 and noted that nothing in the record supported a variance under § 3553(a). Keenan raised a general objection that the sentence was both procedurally and substantively unreasonable, specifically with respect to the career offender determination. The District Court overruled the objection.

At the conclusion of the sentencing hearing, the IJ sentenced Keenan to 151 months imprisonment. Keenan did not object at that time to the career offender enhancement or to the failure to grant a variance.

Keenan appealed.

## II[1]

Keenan contends the District Court procedurally erred by imposing a sentence within the Guidelines range[2] and failing to respond to his argument to vary downward. Keenan claims his classification as a career offender was the anomalous result of his state court plea to a "lesser offense:" second-degree aggravated assault under 18 Pa. C.S. § 2702(a)(4), which categorically qualifies as a crime of violence. However, the original

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Keenan also argues the District Court wrongfully sentenced him under the career offender guideline, U.S.S.G. § 4B1.1, insofar as unarmed bank robbery in violation of 18 U.S.C. § 2113(a) is categorically not a "crime of violence." This argument was raised after the imposition of the sentence. However, as defense counsel concedes, this argument is foreclosed by *United States v. Wilson*, 880 F.3d 80, 88 (3d Cir. 2018).

3

charge, first-degree aggravated assault under 18 Pa. C.S. § 2702(a)(1), has been

determined not to be a crime of violence.[3]  Keenan therefore believes that the District

Court should have reduced his sentence.

We review for plain error because this argument was not preserved.[4]  During the

sentencing hearing, defense counsel mentioned the "anomaly" of the aggravated assault

charge.  However, this objection was not raised at the time that the District Court

pronounced its sentence.

On plain error review,[5] an appellant must demonstrate "that (1) there is a legal

error; (2) the legal error is clear or obvious; (3) the error affected the appellant's

substantial rights such that it affected the outcome of district court proceedings; and (4)

the error 'seriously affected the fairness, integrity or public reputation of judicial

proceedings.'"[6]  Keenan bears the burden at each step.[7]

---

[3] In 2008, Keenan was charged with first-degree aggravated assault under 18 Pa. C.S. § 2702(a)(1), but he entered a plea to second-degree aggravated assault under 18 Pa. C.S. § 2702(a)(4).  Section 2702(a)(1) covers a wide range of offenses, from intentionally attempting to cause serious bodily injury to recklessly causing it, some of which offenses are considered not to be crimes of violence.  For this reason, under the categorical approach § 2702(a)(1) does not qualify as a crime of violence, *United States v. Mayo*, 901 F.3d 218, 239 (3d Cir. 2018).  Second-degree aggravated assault under § 2702(a)(4) covers assaults with a deadly weapon and does qualify as a crime of violence.

[4] *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) (holding that in order to preserve a procedural error for appeal and to avoid plain error review, the defendant must raise the objection when the sentence is imposed; this permits a judge "to immediately remedy omissions or clarify and supplement inadequate explanations" and provides judges with "contemporaneous notice of errors" and "the opportunity to correct them").

[5] Even if we were to review the District Court's decision de novo, our holding would remain the same because the District Court did not err, as explained below.

[6] *United States v. Brown*, 849 F.3d 87, 91 (3d Cir. 2017).

[7] *See United States v. Duka*, 671 F.3d 329, 352 (3d Cir. 2011).

The District Court committed no legal error. It correctly calculated the applicable Guidelines range, allowed both parties to present arguments as to what they believed the appropriate sentence should be, considered the § 3553(a) factors, and documented its reasoning.

Although the District Court did not specifically mention Keenan's anomaly argument for a sentence to be reasonable, the court need only "demonstrate that [it] gave meaningful consideration to" the relevant § 3553(a) factors but need not "otherwise discuss and make findings."[8]

Here, the District Court noted Keenan's specific arguments about both a variance and departure. The court clearly articulated that "a downward departure under 4A1.3 is not warranted" and as for "a variance, nothing in this record suggests that a reduction in sentence is the appropriate course here."[9] The court further demonstrated its consideration of the § 3553(a) factors when it stated that its sentence balanced the "defendant's acceptance of responsibility for his crime, with . . . the very serious nature of this offense, his extensive criminal history, his career offender status, and the needs for just punishment, deterrence, and rehabilitation."[10] The District Court cited Keenan's prior criminal history to demonstrate that he had the propensity for recidivism given that

---

[8] *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007).

[9] App. 161.

[10] App. 160. Although a District Court's general statement that it had "considered all the § 3553(a) factors" is not enough to show meaningful consideration of a specific argument, *Flores-Mejia*, 759 F.3d at 259, we find the District Court's application of the factors to Keenan sufficient to demonstrate meaningful consideration of them.

5

"the instant federal offense was the defendant's second federal conviction for bank robbery in the past seven years."[11]

The District Court therefore articulated reasons sufficient to assure the public and parties that the sentencing process was a reasoned process and addressed Keenan's sentencing arguments.

III

For the foregoing reasons, we will affirm the judgment of sentence.

---

[11] App. 161.